UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

**MICHAEL ERNEST PHILLIPS,**

    **Plaintiff,**

    v.

**COUNTY OF ESSEX DEPARTMENT OF CITIZEN SERVICES, DIVISION OF WELFARE, and SNAP OFFICE,**

    **Defendants.**

Civ. No. 16-05807 (KM) (MAH)

OPINION

**KEVIN MCNULTY, U.S.D.J.:**

Plaintiff Michael Phillips was denied benefits by the County of Essex Department of Citizen Services, Division of Welfare, and SNAP Office (the "Agencies"). He has filed a 192-page civil complaint against the Agencies, seeking in excess of $30 billion in damages. Now before the Court is the Agencies' motion for summary judgment (DE 82) and Phillips's motion for summary judgment (DE 88).[1] For the following reasons, the Agencies' motion is **GRANTED**, and Phillips's motion is **DENIED**.

**I. BACKGROUND**

  **A. Facts**

Phillips applied for and was temporarily approved for certain government benefits. (Agencies Statement ¶¶ 2, 7.) As part of the application, he signed a

---

[1]     Certain citations to the record are abbreviated as follows:

    DE = docket entry number

    Compl. = Complaint (DE 1)

    Phillips Brf. = Brief in Support of Plaintiff's Motion for Summary Judgment (DE 88)

    Agencies Statement = Agencies' Statement of Undisputed Material Facts (DE 82-2)

    Agencies Reply = Agencies' Reply Brief (DE 93)

statement acknowledging that failure to provide accurate information in support of his application would result in a denial of benefits. (*Id.* ¶ 5.) Later, Phillips was denied benefits when he failed to provide information regarding his housing and rent, and the Agencies learned that he had available housing resources. (*Id.* ¶¶ 10–13.)

He was also notified in a letter dated October 6, 2015, that his benefits were terminated because a background check revealed a prior conviction for drug distribution. As the Agencies acknowledge, however, the person convicted was not the plaintiff, but a different Michael Phillips. (DE 88, Ex. A; Agencies Reply at 1.) It seems that the error only recently came to the Agencies' attention. It appears to be undisputed, however, that the record of conviction was only one of multiple reasons for the denial of benefits, any one of which would have been sufficient. (Agencies Reply at 1, 3.)

### B. Procedural History

Phillips sued the Agencies, alleging that the officers "plotted and conspired" to deprive him of benefits by "falsifying" records. (Compl. ¶ 7.) It seems that the basis for his claims is that the Agencies denied him benefits because of the distribution conviction mistakenly attributed to him. (*Id.* at 3.) The Complaint alleges that this conduct amounted to, among other things, fraud, libel, racketeering, and conspiracy. (*Id.* ¶ 7)

The Agencies have filed a motion for summary judgment. (DE 82.)

In response, Phillips has filed his own motion for summary judgment, which I have treated also as a response to the Agencies' motion. (DE 88.) In Phillips's motion, he clarifies that he intends to assert claims for (1) defamation, (2) "emotional or mental harm," pursuant to 42 U.S.C. § 1981, (3) conspiracy, in violation of 18 U.S.C. § 241, (4) "deprivation of rights under color of law," in violation of § 242, (5) conspiracy, in violation of § 371, (6) false statements, in violation of § 1001, (7) false representation, in violation of § 1001, (8) mail fraud, in violation of §§ 371, 1341, and 1346, (9) "fraud or swindles," in violation of § 341, (10) money laundering, in violation of § 1956,

(11) racketeering, in violation of §§ 1961, 1962, and 1964, (12) breach of contract, in violation of 48 C.F.R. § 52.233, (13) violation of the Uniform Commercial Code, (14) "breach of admiralty law," and (15) "breach of the Constitution." (Phillips Brf. at 9–28.)

The Agencies filed an opposition in response to Phillips's motion. (DE 90.)

Phillips made a second filing, also deemed a motion for summary judgment. (DE 92) In light of his *pro se* status, I have considered it as part of his motion for summary judgment and his opposition to the Agencies' motion.

The Agencies filed a response to that second filing. (DE 93.)

Phillips made a third filing, deemed an "amended complaint." (DE 96.) Although it does not conform to the rules concerning motions to amend a complaint, I have considered it in light of the plaintiff's *pro se* status, insofar as it may bear on his motion for summary judgment and his opposition to the Agencies' motion.

Phillips then filed a reply brief on his motion for summary judgment. (DE 99.)

Phillips then made a fourth filing, also titled as a motion for summary judgment. (DE 103.) In light of his *pro se* status, I have considered it as part of his motion for summary judgment and his opposition to the Agencies' motion. (*See also* Text Order, DE 106.) The Agencies filed a reply in response. (DE 105.) Phillips filed an objection. (DE 107.)

Phillips's filings, after the initial summary judgment motion, were terminated as independent motions; a party cannot simply file one summary judgment motion after another. They have all been considered, however, as part of his unitary summary judgment motion and his opposition to the Agencies' motion. Phillips' filings also do not remotely conform to the Court's rules concerning summary judgment. *See* Fed. R. Civ. P. 56; D.N.J. Loc. Civ. R. 56.1 (requiring, *e.g.*, statements of contested and uncontested facts cited to the evidentiary record, etc.). Again, I have nevertheless considered them, in light of the plaintiff's *pro se* status.

## II. DISCUSSION AND ANALYSIS

### A. Standard of Review

Federal Rule of Civil Procedure 56(a) provides that summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See Kreschollek v. S. Stevedoring Co.*, 223 F.3d 202, 204 (3d Cir. 2000); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In deciding a motion for summary judgment, a court must construe all facts and inferences in the light most favorable to the nonmoving party. *See Boyle v. County of Allegheny*, 139 F.3d 386, 393 (3d Cir. 1998) (citing *Peters v. Del. River Port Auth. of Pa. & N.J.*, 16 F.3d 1346, 1349 (3d Cir. 1994)). The moving party bears the burden of establishing that no genuine issue of material fact remains. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). "[W]ith respect to an issue on which the nonmoving party bears the burden of proof . . . the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

Once the moving party has met that threshold burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The opposing party must present actual evidence that creates a genuine issue as to a material fact for trial. *Anderson*, 477 U.S. at 248; *see also* Fed. R. Civ. P. 56(c) (setting forth types of evidence on which nonmoving party must rely to support its assertion that genuine issues of material fact exist).

Unsupported allegations, subjective beliefs, or argument alone, however, cannot forestall summary judgment. *See Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1988) (nonmoving party may not successfully oppose summary judgment motion by simply replacing "conclusory allegations of the complaint or answer with conclusory allegations of an affidavit."); *see also Gleason v.*

4

*Norwest Mortg., Inc.*, 243 F.3d 130, 138 (3d Cir. 2001) ("A nonmoving party has created a genuine issue of material fact if it has provided sufficient evidence to allow a jury to find in its favor at trial."). Thus, if the nonmoving party fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial . . . there can be 'no genuine issue of material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Katz v. Aetna Cas. & Sur. Co.*, 972 F.2d 53, 55 (3d Cir. 1992) (quoting *Celotex*, 477 U.S. at 322–23).

Moreover, the "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson*, 477 U.S. at 247-48. A fact is only "material" for purposes of a summary judgment motion if a dispute over that fact "might affect the outcome of the suit under the governing law." *Id.* at 248. A dispute about a material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

When the parties file cross-motions for summary judgment, the governing standard "does not change." *Clevenger v. First Option Health Plan of N.J.*, 208 F. Supp. 2d 463, 468–69 (D.N.J. 2002) (citation omitted). The court must consider the motions independently, in accordance with the principles outlined above. *Goldwell of N.J., Inc. v. KPSS, Inc.*, 622 F. Supp. 2d 168, 184 (D.N.J. 2009); *Williams v. Phila. Housing Auth.*, 834 F. Supp. 794, 797 (E.D. Pa. 1993), *aff'd*, 27 F.3d 560 (3d Cir. 1994). That one of the cross-motions is denied does not imply that the other must be granted. For each motion, "the court construes facts and draws inferences in favor of the party against whom the motion under consideration is made" but does not "weigh the evidence or make credibility determinations" because "these tasks are left for the fact-finder." *Pichler v. UNITE*, 542 F.3d 380, 386 (3d Cir. 2008) (internal quotation and citations omitted).

### B. Summary Judgment: Discussion

The Agencies are entitled to judgment as a matter of law.

Count 1, state-law defamation, essentially claims that the Agencies' wrongful denial of benefits defamed Phillips. Mr. Phillips is understandably upset at having had a criminal conviction incorrectly ascribed to him. Under New Jersey law, however, "[a] public entity is not liable for injuries caused by the termination or reduction of benefits under a public assistance program." N.J. Stat. Ann. § 59:2-8. In addition, there is no evidence of publication or damages, in that the information is contained solely in a single letter sent to Phillips himself.[2]

Count 2, a claim under 42 U.S.C. § 1981, fails because a § 1981 plaintiff "bears the burden of showing that race was a but-for cause of its injury." *Comcast Corp. v. Nat'l Ass'n of African-Am.-Owned Media,* 140 S. Ct. 1009, 1014 (2020). Phillips has provided no evidence of race-based discrimination.

Counts 3 through 11 all are premised on allegations that the Agencies violated federal criminal statutes. There is no private right of action to enforce those criminal statutes. *Downey v. United States*, 816 F. App'x 625, 628 (3d Cir. 2020) (per curiam) (citing *Cent. Bank of Denver v. First Interstate Bank of Denver*, 511 U.S. 164, 190 (1994); *Leeke v. Timmerman*, 454 U.S. 83, 85–86 (1981)).[3]

Counts 12, 13, and 14 are premised on violations of federal acquisitions regulations, the Uniform Commercial Code, and admiralty law. None of those laws apply to these state agencies or their activities.

---

[2] The elements of defamation are a false statement about the plaintiff; communication of the statement to a third party; fault of the defendant amounting at least to negligence; and damages suffered by the plaintiff. *See DeAngelis v. Hill*, 847 A.2d 1261, 1267–68 (N.J. 2004).

[3] To the extent that Count 11 asserts a civil claim under the Racketeer Influenced and Corrupt Organizations Act, the Complaint does not plead and the record does not provide evidence of any of the elements of such a claim.

Count 15, claiming "breach of the Constitution," does not clearly specify which constitutional right the Agencies allegedly violated and how.

Accordingly, these counts fail to state a claim on which relief may be granted.

### III. CONCLUSION

For the reasons set forth above, I will grant the Agencies' motion for summary judgment and deny Phillips' motion for summary judgment.

A separate order will issue.

Dated: September 30, 2020

/s/ Kevin McNulty

_____

**Hon. Kevin McNulty**
**United States District Judge**